## JONES v. LUCK.

1. Ejectment. Plaintiff claimed under one L. by deed dated Feb. 28th, 1834. Defendant claimed as purchaser at sheriff's sale, by virtue of an execution issued on a transcript of a judgment against L, filed in the clerk's office on the same day, i. e. Feb. 28th, 1834. It appeared that the deed was filed one hour and twenty minutes after the transcript was filed. Held: That the purchaser at sheriff's sale must prevail, as the lien attached from the time of the filing of the transcript.

2. In order to acquire a lien on the real estate of the defendant, it is only necessary to file in the clerk's office a transcript of the *judgment*, and not a complete copy of the justice's docket relating to the cause.

Appeal from the Circuit Court of Pike county.

STUART AND MILLER for Appellant.

WELLS for Appellee.

*Opinion of the Court, delivered by Tompkins, Judge.*[*]

Luck brought his action of ejectment against Jones, in the circuit court of Pike county, where judgment being given for him, Jones appealed to this court.

On the trial of the cause the plaintiff gave in evidence: 1st. A patent from the United States, dated 20th. June, 1832. 2nd. A deed from Montgomery and wife to Joseph Basey, dated October 13th, 1832. 3rd. A deed from said Basey and wife to Edward McQuire, dated March 18th, 1833. 4th. A deed from said McQuire, and Joseph Basey and wife, to Larkin Luck, dated 2nd. September, 1833. 5th. A deed from Larkin P. Luck to Diggs Luck, dated February 28th, 1834.

The defendant admitted himself to be in the possession of the premises as charged in the declaration.

The defendant gave in evidence a deed from the sheriff of Pike county to himself, showing that Jones was purchaser of the land in question at a sale, by authority of an execution issued by the clerk of the circuit court of Pike, on a judgment obtained by one Thomas Bruce against Larkin P. Luck, the above named vendor of this land, to Diggs Luck, the plaintiff in this suit in the circuit court, appellee here. To give the clerk of the circuit court authority to issue an execution against this land, the plaintiff in the execution, the said Bruce, filed on the 28th day of February, 1834, at forty minutes after two of the clock, P. M., in that clerk's office, a transcript of the judgment of the justice on which the execution was issued. The deed of Larkin P. Luck to Diggs Luck appellee, as above mentioned, was filed on the 28th February, 1834, but at 4 o'clock, P. M., one

---

[*]Napton, Judge, absent from the bench.

hour and twenty minutes later than the transcript of the
judgment had been filed.

The defendant also gave in evidence a transcript of all
the proceedings of the justice, in the suit in which the
said judgment was rendered.

On the execution issued by the justice was this en-
dorsement:—"Received of Jesse Shepherd the body of
Larkin P. Luck as a prison debtor," dated February
28th, 1834, and purporting to be signed by the jailor.

The plaintiff objected to the reading of this evidence;
and the circuit court sustaining the objection, the defen-
dant excepted to the opinion of the circuit court.

It is contended by the appellant, that the court com-
mitted error in excluding the evidence offered by him.

For the appellee it is said, "This case presents several
points preliminary to the examination of the errors com-
plained of.

1st. The bill of exceptions does not state that it con-
tains all the evidence offered in the cause.   In such case,
the court cannot see the relevancy of the evidence of-
fered.

2nd. There was no motion for a new trial.

It is the practice of this court to reverse a judgment of
the circuit court for improperly refusing a new trial, or
when the evidence is very strong against the finding of
the jury; and always in such cases it is expected that
the bill of exceptions should show all the evidence given
on the trial, and also that a new trial was prayed.   But I
cannot conceive why, in this case, the appellant should
have been required to show that this was all the evidence
given.   It is very evident to me, that this evidence which
the court rejected was not only relevant, but very ma-
terial : and it certainly could not have availed him in any
wise to have obtained a new trial, and have all his evi-
dence rejected a second time.   No appellate court could,
on a revisal of the circuit court's judgment, allow the ap-
pellant the costs of a new trial, so heedlessly and indeed
wantonly demanded.   The preliminary points then, ap-
pear to me to have nothing in them.

AUG.  TERM.
1842.

Jones v. Luck.

Ejectment.
Plaintiff claimed under one L. By deed dated February 28th 1834.  Defendant claimed as purchaser at sheriff's sale, by virtue of an execution, issued on a transcript of a judgment against L , filed in the clerk's office on the same day, i. e. February 28th 1834.  It.appeared that the deed was filed one hour and twenty minutes after the ·transcript was filed.  Held : that the purchaser at sheriff's sale must prevail, as the lien attached from the time of the filing of the transcript.

In order to acquire a lien on the real estate of the defendant, it is only necessary to file in the clerk's office a transcript of the judgment, and not a complete copy of the justice's docket, relating to the cause.

The main. points then are :

1st. The copy of the judgment of the justice, filed with the clerk of the circuit court, was defective in being a copy of the judgment only, and not a complete copy of the justice's docket.  To this purpose several authorities are cited.

The 18th section of the 6th article of the act to establish justices' courts, p. 364 of the digest, declared that "every justice, on demand of any person in whose favor he shall have rendered judgment for more than ten dollars, exclusive of costs, shall give to such person a certified transcript of such judgment; and the clerk of the circuit court of the same county in which the judgment was rendered, ·shall, upon the production of such transcript, file the same in his office, and forthwith enter such judgment in the docket of the circuit court judgments and decrees, and shall note therein the time of filing such transcript." The copy of the judgment then, is all that the plaintiff is required to file in such case; and the 19th section of said act provides, that every such judgment, from the time of such filing of the transcript thereof, shall have the same lien on the real estate of the defendant in the county, as a judgment of the circuit court of the same county, shall be equally under the control of the circuit court; and shall be carried into execution in the same manner and with like effect as the judgments of such circuit court, &c.

The lien then of this judgment, supersedes that of the deed of Larkin P. Luck to the appellee Diggs Luck, being first filed for record.

2nd. It is contended by the appellee, that the execution issued by the justice, shows that the defendant was arrested and committed to jail on the day judgment was rendered ; that no discharge from imprisonment is shown ; and that this is prior to the writ under which the land is sold.

Therefore the plaintiff insists that this is an extinguishment of the debt, and that the sale is therefore void. He cites and relies on 6  Durnford and East. 525, Clark

v. Clernort & English; 4 Barrow, 2482, Vigeri v. Aldrich; and 8 Johnson, 366, Jackson v. Bartlett, where it is said, that if the plaintiff in the execution voluntarily discharges the defendant after he is taken on execution, that it is a satisfaction of the judgment. Now this indorsement of the jailor above noticed, made on the execution, is no evidence certainty that the plaintiff in that execution, assented that Larkin P. Luck should be discharged. The indorsement on the execution is this: "Received of Jesse Shepherd the body of Larkin P. Luck, as a prison debtor," signed by the jailor. By what authority the jailor makes indorsements on executions we are not told. Nor does that indorsement tell who Jesse Shepherd is, from whom the body of Larkin P. Luck, the prison debtor, is received. We may certainly, by looking at the constable's return, see that he signs his name J. Shepherd, and therefore believe that this jailor received the body of the prison debtor from him; but this is not technical accuracy: and those persons who seek to sustain judgments, such as this, where all the defendant's evidence has been rejected, and this rejection attempted to be justified in the face of the statute, speaking in plain terms, against the appellee, should see that they themselves at least, conform to the rules of law.

This appellee, Diggs Luck, after a judgment is rendered against his vendor, Larkin P. Luck, takes a deed from said Larkin, and runs a race with the plaintiff in that judgment to get his deed filed for record, before the plaintiff in that judgment could get a transcript of his judgment filed. He is too slow. The transcript of the judgment is filed one hour and twenty minutes too soon for him; and the modest man contends that a complete transcript of the justice's proceedings should have been filed, for the very good reason probably, that an awkward justice of the peace might have been detained long enough making out this transcript for him to have filed his deed first.

The language of the statute is plain and imperative. It commands the justice to give the plaintiff a certified transcript of the judgment; and it also commands the

clerk of the circuit court to file such transcript in his office, and declares it a lien, &c. on land. 'Such being the language of the law, it seems. not a little strange that the appellee cites authorities to prove that by the word "judgment," something else than judgment was intended. Neither the reporter of the cited cases, nor. the judges that decided them, ever probably read our statute, and their decisions have no application to the subject.

Because then, the circuit court rejected the evidence offered by the defendant, its judgment is reversed and the cause will be remanded.

[*]Napton, Judge, absent from the bench.